IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL N. THOMAS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 24 C 11055 |
| GRAHAM PACKAGING CO., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Graham Packaging Co. has moved to dismiss plaintiff Michael Thomas's complaint. The Court denies the motion for the reasons stated below. The Court notes that this differs in one respect from the Court's announced ruling during the January 7, 2025 status conference, for reasons explained below.

Thomas, who filed his complaint *pro se*, worked for Graham from December 2021 through July 2022. He alleges that he was harassed by coworkers based on his sexual orientation and race; he complained but nothing was done and the harassment got worse; and he was terminated in July 2022 after an altercation with other employees who he contends were motivated by his sexual orientation, race, and age. Thomas alleges the termination was due to his sexual orientation, race, age, and disability.

Graham has moved to dismiss Thomas's complaint under Federal Rule of Civil Procedure 12(b)(6). It argues that Thomas's complaint was not timely filed; that he failed to exhaust administrative remedies on certain of his claims; and that some of his claims are inadequately pleaded.

1.     **Timeliness**

In his complaint, Thomas alleges that the EEOC issued a notice of right to sue on July 14, 2023. His claims under Title VII, the ADA, and the ADEA had to be filed within 90 days of his receipt of the notice. *See, e.g.*, 42 U.S.C. § 2000e-5(f)(1); *DeTata v. Rollprint Packaging Prods., Inc.*, 632 F.3d 962, 967-68 (7th Cir. 2011).

Thomas contends that he mailed his complaint to the Clerk of Court on October 10, 2023. The Clerk received it on October 16, 2023. The next day, October 17, 2023, an employee of the Clerk's office returned the complaint to Thomas because of the absence of a "civil cover sheet." Thomas received this notification on October 19, 2024. He says he mailed in his complaint again, perhaps with the cover sheet this time though that's not clear, on October 20, 2023. Apparently that was never received by the Clerk. Thomas had correspondence with the Clerk's office over the ensuing months, but eventually the communication stopped. The present case number was assigned on October 28, 2024, when Thomas sent in the complaint and a civil cover sheet again, having mailed them on October 7, 2024.

Ninety days from the EEOC's issuance of the notice of right to sue was October 12, 2023. Graham contends that Thomas's complaint is untimely, relying on the October 2024 filing date. Thomas contends that his complaint should be deemed filed on October 10, 2023, when he first mailed it. That's wrong; the so-called "mailbox" rule, under which imprisoned *pro se* litigants are deemed to have filed documents with the Clerk on the date they placed the documents with prison authorities for mailing, does not apply to non-prisoner *pro se* litigants. *See, e.g., Shicks v. Ind. Dep't of Child Servs.*, No. 22-3297, 2023 WL 4231769, at *1 (7th Cir. May 17, 2023).

But that does not mean that Thomas's complaint was untimely; at least, the Court cannot so conclude on a motion to dismiss for failure to state a claim. Generally, affirmative defenses—like the statute of limitations—are not grounds for dismissal under Rule 12(b)(6), as a plaintiff does not have to anticipate and thus "try to plead around" affirmative defenses. *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980)). There is an exception, however, where the complaint itself sets forth everything necessary to establish the affirmative defense while also foreclosing any "chance of saving [the] complaint" by the plaintiff, "such as when a complaint reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

This is not such a case. First, there is a viable argument that Thomas's complaint should be deemed to have been filed on October 16, 2023, when the Clerk received it. Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A civil cover sheet isn't required by the Rules; it's a creature of our District's local rules. There's nothing wrong with requiring one, but local rules must be consistent with the Federal Rules, *see* Fed. R. Civ. P. 83(a)(1), and if one were to consider a complaint to have been filed only when the Clerk receives a civil cover sheet, that construction likely would contradict Rule 3.

Second, it's not apparent that October 16, 2023 would be too late. That's 92 days after the EEOC *issued* the notice of right to sue, but as noted earlier the 90-day limitations period runs from a plaintiff's receipt of the notice. Thomas's best recollection is that he received the notice by mail. If it was mailed on July 14, 2023, the date it bears, it is virtually impossible that Thomas received it by July 16, particularly because

3

July 14 was a Friday that year, and July 16 was a Sunday, a day on which regular mail is not delivered.

For these reasons, Graham is not entitled to dismissal of Thomas's complaint based on untimeliness. The Court also notes in this regard that any claims of race and color discrimination also arise under 42 U.S.C. § 1981, which carries a four-year limitations period and no administrative exhaustion requirement. Any race/color discrimination claims under section 1981 would be timely irrespective of whether Thomas's complaint is deemed to have been filed in October 2023 or October 2024.

**2.     Exhaustion**

The Court's ruling in this section differs from its oral comments at the January 7, 2025 telephonic hearing and are based on a closer review of the materials attached to the complaint and otherwise provided by Thomas.

Graham contends in its motion that Thomas's claims for race/color discrimination, disability discrimination, hostile work environment, and retaliation were not included in his EEOC charge and thus cannot be asserted now. It references the EEOC charge, which it says is attached to Thomas's complaint, but upon closer inspection that's not accurate. What is attached to the complaint is the EEOC's notice of right to sue, *not* Thomas's EEOC charge. Nor is the charge attached to any of the other filings made in this case, at least not that the Court could find. The notice of right to sue makes reference to the charge containing claims for "age discrimination, sexual orientation, or retaliation," Compl., Ex. 1, but the Court cannot determine whether that is a complete summary. The bottom line is that with the charge not being part of the complaint or, indeed, part of the record at all at this point, it cannot be considered as a basis for

4

dismissal of any of Thomas's claims under Rule 12(b)(6).

The Court does wish, however, to note two points regarding the exhaustion issue. First, Graham—which apparently has seen the actual EEOC charge—says that any hostile work environment claim was not exhausted because all the charge specifically said on that was, "Throughout the course of my employment, I was harassed regularly." See Def.'s Mem. at 8. The Court disagrees with this argument. An allegation of "regular harassment" combined with allegations elsewhere in the charge of discrimination on a prohibited basis would be sufficient to exhaust any hostile work environment claim; a hostile work environment is a form of discrimination. Second, as the Court indicated earlier, even if Thomas has an exhaustion problem on some of his claims, his race/color discrimination claim would survive under 42 U.S.C. § 1981, which does not contain an exhaustion requirement.

3. **Failure to state a claim**

Graham also contends that some of Thomas's claims fail to state plausible claims for relief. The Court defers consideration of this pending review by appointed counsel of Thomas's case and the possible filing of an amended complaint.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [14]. By separate order, the Court will appoint counsel to represent plaintiff. The case is set for a telephonic status hearing on 3/14/2025 at 8:50 a.m. The following call-in number will be used for the hearing: 650-479-3207; access code 2305-915-8729.

Date: January 9, 2025

_____
MATTHEW F. KENNELLY
United States District Judge